UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JANINE SUGAWARA,  No. 2:08-cv-01335-MCE-JFM

    Plaintiff,

  v.  MEMORANDUM AND ORDER

PEPSICO, INC.,

    Defendant.

----oo0oo----

Plaintiff initiated this putative class action on June 9, 2008, and, on September 23, 2008, filed the operative First Amended Complaint ("FAC") alleging causes of action arising under California Business & Professions Code §§ 17200, et seq., and 17500, et seq., for Intentional Misrepresentation, Breach of Express Warranty, Breach of Implied Warranty, and violation of the Consumer Legal Remedies Action, California Civil Code § 1770. Presently before the Court is Defendant's Motion to Dismiss the FAC. For the following reasons, Defendant's Motion is granted.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

## BACKGROUND[2]

Plaintiff is an individual consumer and resident of California. Defendant manufactures, markets, and promotes "Cap'n Crunch with Crunchberries" cereal ("the Product"). Defendant merged with The Quaker Oats Company ("Quaker") in 2001, and Quaker is now a unit of Defendant.

In addition to the use of the word "berries" in the Product name, the Product's principal display panel ("PDP"), the portion of the Product box designed to face consumers as they shop in a market aisle, features the Product's namesake, "Cap'n Crunch" thrusting a spoonful of "Crunchberries" at the prospective buyer.

The Crunchberries are pieces of cereal in bright fruit colors, shaped to resemble berries. While close inspection reveals that the Crunchberries on the PDP are not really berries, Plaintiff contends that the colorful Crunchberries, combined with use of the word "berry" in the Product name, convey the message that Cap'n Crunch is not all sugar and starch, but contains redeeming fruit. This message is allegedly supplemented and reinforced by additional marketing that represents that "Crunch Berries is a combination of Crunch biscuits and colorful red, purple, teal and green berries."

///
///
///
///

---

[2] The following facts are derived, primarily verbatim, from Plaintiff's FAC.

In actuality, the Product contains no berries of any kind. If the consumer takes the box from the shelf and examines the fine print of the ingredient list, he or she will discover that the only fruit content is a touch of strawberry fruit concentrate, twelfth in order on the ingredient list.

Accordingly, Plaintiff contends, *inter alia*, that Defendants' marketing of the Product is deceptive and likely to mislead and deceive a reasonable consumer. Indeed, during the past four years, Plaintiff alleges she purchased the Product in large part because she had been exposed to advertising and representations of Defendant. She was allegedly misled by the packaging and marketing, which she argues convey the message that the Product contains real, nutritious fruit. Plaintiff contends that she trusted Defendant's Quaker label because that company has a long history of producing wholesome breakfast cereals.

Since Plaintiff began purchasing the Product, the Strategic Alliance for Healthy Food and Activity Environments published the results of a study examining the ingredients of widely advertised foods with references to fruit on the packaging. The study concluded, among other things, that despite advertising and packaging that suggests the presence of fruit, more than half of the food products studied, including the Product at issue here, contain no fruit at all. According to Plaintiff, had she known that the Product contained no fruit, she would not have purchased it.

///
///
///

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. at 1964-65 (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

///
///
///
///

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**1. Plaintiff's Unfair Competition, False Advertising, and Consumer Legal Remedies Act Causes of Action**

Plaintiff's First, Second, and Sixth Causes of Action fail as a matter of law. First, "California's Unfair Competition Law ('UCL') prohibits any 'unlawful, unfair or fraudulent business act or practice.'" Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008), quoting Cal. Bus. and Prof. Code § 17200. Additionally, "[t]he false advertising law prohibits any 'unfair, deceptive, untrue, or misleading advertising.'" Id., quoting Cal. Bus. and Prof. Code § 17500. Finally, "California's Consumer Legal Remedies Act ('CLRA') prohibits 'unfair methods of competition and unfair or deceptive acts or practices.'" Id., quoting Cal. Civ. Code § 1770.

///
///
///

5

Plaintiff's "claims under these California statutes are governed by the 'reasonable consumer' test." Id., citing Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir. 1995), Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 506-07 (1st Dist. 2003). "Under the reasonable consumer standard, [Plaintiff] must show that members of the public are likely to be deceived. The California Supreme Court has recognized that these laws prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." Id. (internal citations and quotations omitted).

"[P]rimary evidence in a false advertising case is the advertising itself." Id., quoting Brockey v. Moore, 107 Cal. App. 4th 86, 100 (3d Dist. 2003). Thus, "whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." Id. However, "[d]ecisions granting motions to dismiss claims under the Unfair Competition Law have occasionally been upheld." Id. This Court believes that the instant case falls into that "rare" category of cases in which dismissal is appropriate. See Id. at 939.

The leading Ninth Circuit case in this area, and the case on which Plaintiff primarily relies, is Williams, 552 F.3d 934. Nevertheless, that case is factually distinguishable from the instant action.

///
///
///
///

In Williams, the Ninth Circuit determined that the district court had improperly granted a motion to dismiss because, in that case, the "packaging Gerber used for its Fruit Juice Snacks product...could likely deceive a reasonable consumer. The product [was] called 'fruit juice snacks' and the packaging picture[d] a number of different fruits, potentially suggesting (falsely) that those fruits or their juices [were] contained in the product. Further, the statement that Fruit Juice Snacks [were] made with 'fruit juice and other all natural ingredients' could easily [have been] interpreted by consumers as a claim that all the ingredients in the product were natural, which appear[ed] to be false. And finally, the claim that Snacks [was] 'just one of a variety of nutritious Gerber Graduates foods and juices that have been specifically designed to help toddlers grow up strong and healthy' add[ed] to the potential deception." Id. at 939.

In this case, to the contrary, while the challenged packaging contains the word "berries" it does so only in conjunction with the descriptive term "crunch." This Court is not aware of, nor has Plaintiff alleged the existence of, any actual fruit referred to as a "crunchberry." Furthermore, the "Crunchberries" depicted on the PDP are round, crunchy, brightly-colored cereal balls, and the PDP clearly states both that the Product contains "sweetened corn & oat cereal" and that the cereal is "enlarged to show texture." Thus, a reasonable consumer would not be deceived into believing that the Product in the instant case contained a fruit that does not exist.

///

///

Additionally, contrary to the packaging in Williams, the instant packaging makes no claim to be particularly nutritious or to be designed specifically to meet the nutritional needs of toddlers or children, nor does it contain any images of actual fruit that would convince this Court the instant packaging was even potentially deceptive. In this case, there is no reference to fruit on the PDP unless one believes that a "Crunchberry" is some form of produce. Indeed, even though Plaintiff claims that the brightly-colored cereal balls are shaped to resemble berries, she acknowledges that "[c]lose inspection reveals that Crunchberries on the PDP are not really berries." Opposition, 2:11. Accordingly, it is entirely unlikely that members of the public would be deceived in the manner described by Plaintiff.

For these same reasons, another California district court has previously rejected substantially similar claims directed against the packaging of Fruit Loops cereal, and brought by these same Plaintiff attorneys. See McKinnis v. Kellogg USA, 2007 WL 4766060 (C.D. Cal. 2007) (rejecting each argument pursued here). Thus, because the instant facts are distinguishable from those in Williams, and are, to the contrary, more on par with those alleged in McKinnis, this Court now holds that Plaintiff has failed to state UCL, FAL, or CLRA claims as a matter of law. Defendant's Motion to Dismiss Plaintiff's First, Second, and Sixth Causes of Action is granted with leave to amend.

///
///
///
///

### 2. **Plaintiff's Intentional Misrepresentation Cause of Action**

Plaintiff's Intentional Misrepresentation claim fares no better. Under California Law, "[t]he elements of intentional misrepresentation, or actual fraud, are: '(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." Anderson v. Deloitte & Touche, 56 Cal. App. 4th 1468, 1474 (1st Dist. 1997). Plaintiff lodged only the most cursory opposition to Defendant's Motion to Dismiss the instant claim, and for good reason, namely that the above discussion supports granting Defendant's Motion as to this claim as well.

First, Plaintiff has made no allegations indicating that the challenged packaging is false or contains false statements. Moreover, she has wholly failed to show that reliance on the package to reach the conclusion that the Product contains actual fruit is justifiable. To the contrary, as previously discussed, the packaging is not misleading and is entirely unlikely to deceive. Accordingly, Plaintiff has failed to state a claim, and Defendant's Motion to Dismiss Plaintiff's Third Cause of Action is granted with leave to amend.

///
///
///
///
///
///

### 3. Plaintiff's Breach of Express and Implied Warranty Causes of Action

Finally, Plaintiff made no arguments in opposition to Defendant's Motion to Dismiss her claims for breach of various warranties, and her Fourth and Fifth Claims are now rejected as well. Through those causes of action, Plaintiff alleges, *inter alia*, that Defendant warranted the Product contained berries and that "the Product was a substantially fruit-based product deriving nutritional value from fruit." FAC, ¶¶ 61, 66.

First, Plaintiff's Breach of Express Warranty claim fails as a matter of law. In California, "[e]xpress warranties by the seller are created as follows: (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise. (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description. (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model." Cal. Com. Code § 2313(1).

As stated, Plaintiff claims Defendant expressly warranted that the Product contains berries. However, that simply is not the case. Defendant chose the moniker "Crunchberries" for its brightly colored cereal balls. As far as this Court has been made aware, there is no such fruit growing in the wild or occurring naturally in any part of the world.

///

Furthermore, a reasonable consumer would have understood the Product packaging to expressly warrant only that the Product contained sweetened corn and oat cereal, which it did. Accordingly, Defendant did not promise Plaintiff that the Product contained fruit, nor did the Product contain anything other than that which was actually expressly warranted. Thus, Defendant's Motion to Dismiss Plaintiff's Breach of Express Warranty cause of action is granted with leave to amend.

Plaintiff's Breach of Implied Warranty claim fails as well. California law states that goods are merchantable if they: "(a) Pass without objection in the trade under the contract description; and (b) in the case of fungible goods, are of fair average quality within the description; and (c) are fit for the ordinary purposes for which such goods are used; and (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and (e) are adequately contained, packaged, and labeled as the agreement may require; and (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2). The implied warranty "does not impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." American Suzuki Motor Corp. v. Superior Court, 37 Cal. App. 4th 1291, 1296 (2d Dist. 1995) (internal citations and quotations omitted).

///

///

///

As per the above discussion, because the Product packaging was not misleading or deceptive, Plaintiff received exactly what was described on the box.  Accordingly, Plaintiff has failed to state a claim, and Defendant's Motion to Dismiss Plaintiff's Fifth Cause of Action is also granted with leave to amend.

**CONCLUSION**

For the reasons just stated, Defendant's Motion to Dismiss (Docket No. 23) is GRANTED without leave to amend.

Under normal circumstances, when this Court grants a Motion to Dismiss, the Plaintiff is given a reasonable period of time, usually twenty (20) days, in which to file an amended complaint. In this case, however, it is simply impossible for Plaintiff to file an amended complaint stating a claim based upon these facts. The survival of the instant claim would require this Court to ignore all concepts of personal responsibility and common sense. The Court has no intention of allowing that to happen.

IT IS SO ORDERED.

Dated: May 20, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE